Scott C. Trotter Attorney at Law 2101 Main Street P O Box 6030 Little Rock, AR 72216
Dear Mr. Trotter:
This is in response to your request, received by this office on September 29, 1989, for certification of a proposed popular name and ballot title for a state-wide initiated act, pursuant to A.C.A. 7-9-107. The proposed popular name is as follows:
 THE STANDARDS OF CONDUCT AND DISCLOSURE ACT FOR CANDIDATES AND POLITICAL CAMPAIGNS
The proposed ballot title is, in my opinion, unduly burdensome and will therefore not be restated herein. A substitute ballot title will follow.
The purpose of my review is to insure that the ballot title and popular name honestly, intelligently and fairly set forth the purpose of a proposed act or amendment. Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 677 S.W.2d 846 (1984). A ballot title is sufficient if it identifies and impartially summarizes the proposed act, giving the voter a fair understanding of the issues presented. Becker v. Riviere, 270 Ark. 219,604 S.W.2d 555 (1980); Hoban v. Hall, 229 Ark. 416, 316 S.W.2d 185
(1958). The ballot title need not be so elaborate as to set forth the details of the act. Becker v. Riviere, supra. The popular name is a useful legislative device. Pafford v. Hall, 217 Ark. 734233 S.W.2d 72 (1950). It need not contain detailed information, but it must not be misleading or give partisan coloring to the merit of a proposal. Pafford v. Hall, supra; Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Moore v. Hall, supra.
Section 7-9-107 neither requires nor authorizes this office to make any legal determinations concerning the merits of the act or the likelihood that it will accomplish its stated objectives. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarized the provisions of your proposed initiated act.
Applying these precepts to the measure submitted, it is my opinion that the proposed popular name is sufficient as submitted and it is hereby approved.
The proposed ballot title is disapproved and the following is hereby substituted:
 An act amending Arkansas laws by specifying registration and disclosure requirements with the Secretary of State for approved political action committees and exploratory committees, as defined, including an annual limitation of $200 per person on contributions accepted by approved political action committees and a requirements that exploratory committees disclose contributors of more than $100; defining prohibited political action committees and prohibiting contributions from them to candidates;
 Limiting to $1000 per election contributions from any person to a candidate, inclusive of amounts given to dependent children to contribute;
 Prohibiting a candidate or exploratory committee from soliciting or accepting contributions more than 2 years before elections, except to retire a past campaign debt;
 Prohibiting constitutional officers and General Assembly members from accepting contributions during stated periods in relation to legislative sessions, and prohibiting promises of contributions to them during those periods;
 Prohibiting unopposed candidates from taking campaign funds as personal or family income;
 After general elections, requiring candidates to turn over to contributors, an organized political party, or the state's general revenue fund any excess campaign funds, as defined;
 Requiring candidates (except for school district, township, municipal, or county office candidates, whose reports will be governed by existing law) to file specified reports of contributions and expenditures; requiring the Secretary of State to furnish forms and notification to candidates; specifying contents of reports, including contributors over $100, non-money items contributed, itemizations of expenditures over $100, and surplus or debt of campaign funds;
 Specifying that candidates file no reports except final monthly reports, until total contributions exceed $500; Requiring procedures for the Secretary of State to maintain and supervise reports;
 Effective January 2, 1991, creating the Arkansas Ethics Commission of five members serving non-consecutive terms of five years, who will be unpaid but entitled to expense reimbursement, one each appointed by the Governor, Attorney General, Chief Justice of the Arkansas Supreme Court, Speaker of the House of Representatives and Senate President Pro Tem; specifying classes of people who may not be commission members and classes of people assured at least one position on the Commission; establishing Commission procedures;
 Granting the Commission authority, with respect to this Act and Initiated Act 1 of 1988, to investigate alleged violations, issue subpoenas, administer oaths and conduct hearings, issue public letters of caution or warning, issue advisory opinions and guidelines, hire a staff and retain legal counsel, approve forms prepared by the Secretary of State and make recommendations and reports to law enforcement authorities;
 Effective July 1, 1991, providing procedures for citizens' complaints with the Commission alleging violations of this Act or Initiated Act 1 of 1988 and repealing the Attorney General's role in enforcing Initiated Act 1 of 1988; Prohibiting General Assembly members from soliciting or accepting private compensation, as defined, for speeches or other appearances, unless made in the normal course of business in the member's private occupation; punishing knowing or willful violations of such prohibition as Class A misdemeanors; Unless otherwise indicated, making some provisions effective on November 7, 1990 and others on December 7, 1990; and for other purposes.
This certification will be forwarded forthwith to the Secretary of State for his approval and certification, in accordance with Act 280 of 1989. Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.